UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARK MOFFETT,<br><br>    Defendant | No. 18-cr-10249-RGS |

JOINT STATUS REPORT AND REQUEST TO SET TRIAL DATE

The United States and the defendant, through counsel, respectfully submit this status report and move this Court to set a trial date for this matter in early December 2023. The parties further ask that the Court exclude the time until trial in the interests of justice.

In December 2019, the defendant was convicted. Due to the COVID-19 pandemic, sentencing was continued until January 2022. After sentencing, the defendant appealed. On November 29, 2022, the mandate of the First Circuit entered, remanding the case for re-trial. On December 22, 2022, new counsel for the defendant, who represented the defendant on appeal, appeared. The government promptly conferred with new counsel and moved to exclude the time. Thereafter, the Court (Young, DJ) excluded the time from December 22, 2022 until the date of the first status conference before a new judge. On January 10, 2023, the former trial judge recused, and on January 25, 2023, the Honorable Richard G. Stearns was assigned.

Under Local Rule 116.5(b), the parties report as follows.

1.  The government completed voluminous discovery before the previous trial. The discovery includes a significant amount of electronic data and of medical files. New trial counsel for the defendant could not obtain the discovery from former trial counsel, and on January 9, 2023, the government produced a copy of the previously produced discovery to new counsel for the

defendant. Counsel for the defendant is diligently reviewing discovery and is still determining whether there will be discovery requests. Given the volume of the discovery, undersigned counsel for the defendant will need time to review, to investigate, and to evaluate the need for motion practice.

2. The Court entered a protective order in this case on September 10, 2018. It is docketed at ECF No. 23.

3. The defendant has not filed any motions under Fed. R. Crim. P. 12(b).

4. The government proposes that its expert disclosures, if any, be due 21 days before trial and that defendant's expert disclosures, if any, be due 14 days before trial.

5. The defendant has not informed the government whether he will assert any defenses of insanity, public authority, or alibi.

6. The parties have conferred and request that the Court set a trial date in early December 2023. The parties' jointly submit that the Court should exclude the time period from through and including the trial pursuant to 18 U.S.C. § 3161(h)(7)(A).

7. Plea negotiations are ongoing but inconclusive.

8. Based on the prior trial, the government estimates that its case in chief will take approximately at least 9 days.

Respectfully submitted,

| | |
|---|---|
| MARK MOFFETT<br>Defendant | RACHAEL S. ROLLINS<br>United States Attorney |
| By: /s/Michael Pabian<br>Michael Pabian, Esq.<br>Counsel for Mark Moffett | By /s/Kriss Basil<br>Kriss Basil<br>Rachel Hemani<br>Assistant United States Attorneys |

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                      By:     /s/Kriss Basil
                                   Kriss Basil
                                   Assistant United States Attorney

Date: January 31, 2023